IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Ponder Gambrell, | ) | |
| Plaintiff, | ) ) ) | C/A No. 5:17-cv-01999-TMC |
| v. | ) ) | **ORDER** |
| NANCY A. BERRYHILL, Acting Commissioner Of Social Security, | ) ) ) ) ) | |
| Defendant. | ) | |

On February 14, 2019, Plaintiff Ponder Gambrell filed a Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, on the bases that she was the prevailing party and that the Commissioner's decision was not supported by substantial evidence. (ECF No. 28). On February 21, 2019, Defendant responded stating that she does not object to Plaintiff's motion. (ECF No. 29).

Under the EAJA, a court shall award attorney's fees to a prevailing party[1] in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The district courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the statutory cap. *Pierce v. Underwood*, 487 U.S. 552 (1988); *May v. Sullivan*, 936 F.2d 176, 177 (4th Cir. 1991). The district courts also have broad discretion to set the attorney fee amount. In determining the fee award, "[e]xorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize and discount." *Hyatt v. North*

---

[1] A party who wins a remand pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g), is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 300–302 (1993). The remand in this case was made pursuant to sentence four.

1

*Carolina Dep't of Human Res.*, 315 F.3d 239, 254 (4th Cir. 2002) (citing *Comm'r v. Jean*, 496 U.S. 154, 163 (1990)). Additionally, the court should not only consider the "position taken by the United States in the civil action," but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by P.L. 99-80, § 2(c)(2)(B).

The Plaintiff has asked for the payment of attorney's fees in the amount of $3,657.50, and expenses in the amount of $20.01. (ECF No. 28 at 2). Defendant responded, stating that she did not object to the requested amount of attorney's fees or expenses. (ECF No. 29). Despite there being no objections, the court is obligated under the EAJA to determine if the fee is proper. *See Design & Prod., Inc. v. United States*, 21 Cl. Ct. 145, 152 (1990) (holding that under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation."). Applying the above standard to the facts of this case, the court concludes that the Commissioner's position was not substantially justified. Furthermore, after a thorough review of the record, the court finds that the requested fee is appropriate. Accordingly, the court **GRANTS** the Motion for Attorney's Fees (ECF No. 28) as and orders that the Plaintiff be awarded the $3,657.50, in attorney's fees and $20.01, in expenses, for a total award of $3,677.51.[2]

**IT IS SO ORDERED.**

                                                       s/ Timothy M. Cain
                                                     United States District Judge

February 22, 2019
Anderson, South Carolina

---

[2] The court notes that the fees must be paid to Plaintiff. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting the EAJA fees to offset of any pre-existing federal debts); *see also Stephens v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009) (holding the same).